IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:02CR236 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | MEMORANDUM AND ORDER |
| DARNELL L. POLITE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on defendant's Motion to Amend Judgment (Filing No. 57). In his motion, defendant requests that this court reconsider defendant's 10 year mandatory sentence, claiming that this sentence is no longer mandatory. See United States v. Booker, 125 S. Ct. 738 (2005) (finding sentencing guidelines no longer mandatory). Furthermore, defendant requests that he receive credit for time served from November 22, 2002 through March 14, 2003 during which time he was in community confinement. Defendant acknowledges that the Bureau of Prisons has stated that he is not eligible for such credit under 18 U.S.C. § 3585(b) but he requests that this court reconsider this decision.

    The determination of whether credit should be given for time served in "official detention" within the meaning of 18 U.S.C. § 3585(b) "is properly left to the Bureau of Prisons" and is given only "after the defendant begins his sentence." United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004) (quotation omitted). If Polite fails to receive the appropriate credit, he may pursue administrative remedies and thereafter seek relief by way of habeas review. *Id.* The proper method for challenging his sentence is through a motion under 28 U.S.C. § 2241. A petition pursuant to 28 U.S.C. § 2241, *filed in a court within the district of confinement*, may be used to challenge the execution of a federal prisoner's sentence. For purposes of 28 U.S.C. § 2241, execution of a sentence "includes such matters as the administration of parole, computation of a prisoner's sentence by prison

officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). Accord Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995) (dispute over sentencing credit for time served). Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999) ("[o]nce administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time credit determination, by filing a habeas petition under 28 U.S.C. § 2241").

Furthermore, to the extent defendant's claim that his sentence is no longer mandatory is based on the decision in United States v. Booker, 125 S. Ct. 738 (2005), this claim is denied. Defendant's conviction was final before the Booker decision was announced, and the "new rule" announced in Booker does not apply to criminal convictions that became final before the rule was announced. Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).

THEREFORE, IT IS ORDERED:

1. Defendant's Motion to Amend Judgment (Filing No. 57) is denied;

2. A separate Judgment will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 22nd day of November, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge